**Habtemariam Teklebrhan TEDLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72864.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2005.[*]

Decided March 8, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ali Golchin, Law Offices of Ali Golchin, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Helen J. Brunner, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Habtemariam Teklebrhan Tedla, a native and citizen of Eritrea, petitions for review from a summary affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ), denying his application for political asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). Because the evidence does not compel us to reverse the IJ's negative credibility determination, we deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the

We review the IJ's opinion because the BIA adopted it as the final agency decision. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). The IJ must support his credibility determination with specific and cogent reasons that go to the heart of Tedla's claim. *See id.* We reverse a credibility determination only if the applicant presented evidence "so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004).

The IJ noted that Tedla's military service card stated that he served only until 1996, while Tedla testified that he served in the military until 1999. Tedla's explanation was that cards were given out before service, while his lawyer speculated that cards were not given out until service was complete. The explanations were contradictory, and neither was supported by any evidence.

The IJ also pointed out that Tedla's declaration did not contain core parts of his asylum claim. Tedla did not mention the disappearance of his brothers or his membership in the opposition party. He stated that after his arrest he was "harshly punished for two weeks," and included no further information or any of the brutal details he described at the hearing. He explained only that it would have been a long description, yet his declaration was not limited in length and included ample detail about the general political situation. Further, Tedla and his counsel had been urged to be specific and detailed in the written application.

We conclude that Tedla did not present evidence that compels us to conclude that he was credible. Because his testimony was not credible, his asylum claim fails

courts of this circuit except as provided by 9th Cir. R. 36–3.

along with his claim for withholding of deportation and his request for CAT relief.

PETITION DENIED.